

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| TOMMIE HAYTER | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:07CV302 |
| | § | JURY |
| ROSTISLAV BARABACH AND ART LOGISTICS, INC. | § | |
| | § | |
| *Defendant.* | § | |

# AMENDED SCHEDULING ORDER

Before the court is the parties' Joint Motion to Modify Scheduling Order [Doc. #18]. The motion is **GRANTED**. The following actions shall be completed by the date indicated.[1]

### DEADLINES

| | |
|---|---|
| September 2, 2008 | Deadline to add parties |
| September 29, 2008 | Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) |
| October 13, 2008 | Deadline for Plaintiffs to file amended pleadings (A motion for leave to amend is not necessary). |
| October 27, 2008 | Defendants' disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed. All deadlines shall be as of 4:00 p.m., on the day specified. If delivery of a document or other item is required, and counsel chooses to mail the same, it shall be deposited, properly addressed and postage pre-paid, in a mailbox or at a post office, at least three (3) days before the indicated deadline, on a day mail is scheduled to be picked up by the postal service at that location, and at a time before the last scheduled pickup.

Scheduling Order 10-11-2007

| | |
|---|---|
| 6 weeks after disclosure of an expert is made | Deadline to object to any other party's expert witnesses. Objection shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |
| October 27, 2008 | Deadline for defendants' final amended pleadings (A motion for leave to amend is not necessary). |
| January 5, 2009 | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| January 5, 2009 | All discovery shall be commenced in time to be completed by this date. |
| February 27, 2009 | Notice of intent to offer certified records |
| February 27, 2009 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* Local Rule CV-16(b) and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). |
| March 6, 2009 | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which can not be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections |

| | |
|---|---|
| March 13, 2009 | Motions in limine due<br>File Joint Final Pretrial Order. See Local Rules Appendix D (Obtain form for Exhibit List from District Clerk's Office). |
| March 20, 2009 | Response to motions in limine due[2]<br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[3] (This does not extend the deadline to object to expert witnesses) (Provide the exhibit objected to in the motion or response). If numerous objections are filed the court may set a hearing prior to docket call.<br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| April 6, 2009 | Docket call and Final Pretrial at 1:30 p.m.<br>Date parties should be prepared to try case. Provide court with two copies of Exhibit list, using form from District Clerks Office. Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pretrial Order, but may have some deletions depending on rulings on objections. |
| April 13, 2009 | 10:30 a.m. Jury Selection and trial. Case will then be tried in order with other cases on the docket. (Depending on disposition of other cases on court's docket, jury selection may be the following week. The court will notify counsel as soon as possible if this is required.) |

---

[2]This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space, respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all the issues which are resolved.

[3]Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

Scheduling Order 10-11-2007           3

## SCOPE OF DISCOVERY

<u>Modification</u>.  Taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, the Court modifies the parameters of discovery in the following respects.  *See* Fed. R. Civ. P. 26(b)(2)(iii).

<u>Disclosure</u>.  The parties are reminded of the requirement, set out in this court's Initial Order Governing Proceedings,  to have already disclosed, without awaiting a discovery request, information in addition to that required by Fed. R. Civ. P. 26, including names of persons likely to have, and documents containing, information "relevant to the claim or defense of any party."
If there are any questions about whether information is "relevant to the claim or defense of any party" review Local Rule CV-26(d).  A party that fails to timely disclose any of the information required to be disclosed by order of this court or by the Federal Rules of Procedure,  will not, unless such failure is harmless, be permitted to use such evidence at trial,  hearing or in support of a motion.

<u>Depositions</u>.  Plaintiff may depose Jimmy Faulkner, John Mullen, Aaron Polk, Rostislav Barabach, Defendant's DOT compliance officers, Defendant's experts and two additional witnesses designated as "extra depositions." Defendant may depose Tommie Hayter, Shawosky Henderson, Turkassa Henderson, John Mullen, Aaron Polk, the human resource representative of Cooper Power Systems, Inc., Plaintiff's expert and two additional witnesses designated as "extra depositions." The total time allotted for the "extra depositions" is limited to eight hours for both parties, whether the time is used in direct examination or cross-examination. Absent court order, all depositions shall be taken in compliance with Fed. R. Civ. P. 30(d) and Local Rule CV-30.

The parties are permitted unlimited depositions on written questions of custodians of business records.

<u>Electronic Discovery.</u> Electronically stored information will be produced in paper form or in TIF format with extracted text for specified data fields to be agreed upon by the parties.

The parties are excused from the pretrial disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(3) as such disclosure is cumulative of this Court's pre-trial order procedures.

## DISCOVERY DISPUTES

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules.  The hotline number is (903) 590-1198.  *See* Local Rule CV-26(e).

## RESOURCES

The Eastern District of Texas website (http://www.txed.uscourts.gov) contains information about **Electronic filing, which is mandatory,** Local Rules, telephone numbers, general orders, frequently requested cases, the Eastern District fee schedule, and other information. The electronic filing HelpLine is 1-866-251-7534.

## COMPLIANCE

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both. If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the Court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

## TRIAL

Jurors are performing a public service, which is usually inconvenient to them, and may be at great personal expense. Once the jury is seated, every effort will be made to present the case professionally, efficiently, and without interruption. The deadlines for pre-trial matters, such as exchanging exhibits, and objections, are intended to reduce the need for trial objections, side-bar conferences, and repetitive presentation of evidentiary predicates for clearly admissible evidence. Counsel should be familiar with the evidence display system available in the courtroom. Copies of exhibits which will be handed to witnesses should be placed in a three ring binder, with an additional copy for the court. (To make it easy to direct the witness to the correct exhibit while on the stand, Plaintiffs should use a dark colored binder such as black or dark blue. Defendants should use a light colored binder such as white, red, or light blue.) Alternatively, if exhibits have been scanned and will be presented via a computer projection system, be sure there is a way for the court to view or read them separately so as to be able to understand motions and objections.
Counsel are responsible for informing their clients and witnesses about courtroom dress requirements and protocol, such as silencing pagers and phones, and not chewing gum, reading newspapers, or eating.

## OTHER MATTERS

1. Please note the amendments to the Local Rules regarding motion practice. These supersede Appendix B of the Order Governing Proceedings, except that the court still requests that courtesy copies over twenty pages long be bound to the left.

2. If the parties agree they want to mediate, they should notify the court if assistance is needed in selecting a mediator.

So **ORDERED** and **SIGNED** this **30** day of **July, 2008.**

_____
Ron Clark, United States District Judge